UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

GLENDA GILLIAM,  )
    Petitioner,  )
  )
v.  )  Nos. 2:12-cv-492;2:09-cr-31(26)
  )
  )
UNITED STATES OF AMERICA,  )
    Respondent.  )

## MEMORANDUM OPINION AND ORDER

Glenda Gilliam ("Gilliam" or "petitioner") has filed an expedited motion to vacate, set aside or correct her sentence, [Doc. 1144],[1] seeking relief under the Fair Sentencing Act, ("FSA") and the decision in *Dorsey v. United States*, _ U.S. _, 132 S. Ct.2321 (2012) (applying FSA retroactively to pre-FSA offenders sentenced after the FSA effective date). The United States has responded that, because the Supreme Court has held that Gilliam should only have been subject to a 60-month statutory mandatory minimum, rather than to the 120-month term which the Court deemed to be the applicable mandatory minimum at the time of sentencing, it "does not oppose petitioner's request for this Court to reconsider her sentence," [Doc. 1153]. The motion will therefore be **GRANTED** and petitioner's sentence vacated.

On February 17, 2010, petitioner pled guilty to Count one of the superseding indictment, charging her with conspiracy to distribute and to possess with the intent

---

[1] All docket number references are to the docket numbers in No. 2:09-cr-31.

to distribute 50 grams or more of cocaine base (crack) in violation of 21 U.S.C. § § 846 and 841(b)(1)(A), [Doc. 411]. A presentence investigation report ("PSR") was ordered and the probation officer found petitioner's offense level to be 32, which was reduced by three levels for acceptance of responsibility for a total offense level of 29. With a criminal history category of V, the resulting guidelines range was 140 to 175 months of imprisonment; however, the Court found that petitioner was subject to a ten-year mandatory minimum for her drug offense and the effective guidelines range became 120 months of imprisonment. On August 5, 2010, this Court imposed a 120-month sentence and five years of supervised release, [Doc. 703]. Petitioner did not appeal but instead filed a *pro se* motion to reduce sentence pursuant to 18 U.S.C. § 3582(c), [Doc. 995]. Counsel was appointed, and she filed an expedited § 3582(c) motion, citing to *Dorsey* as supplemental authority, [Doc. 1085]. The expedited motion was denied; an appeal was taken; and thereafter followed this instant expedited motion to vacate, [Docs. 1127, 1132, and 1144]. The Sixth Circuit has stayed petitioner's appeal in the § 3582(c) motion, pending the outcome of this § 2255 motion, [Doc. 1159, Supplement to Expedited Motion to Vacate at 1].

On August 3, 2010, the President signed into law the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (Aug. 3, 2010), which amended 21 U.S.C. § 841 to require larger quantities of crack cocaine to trigger mandatory minimum sentences. As applicable to this case, the FSA increased the threshold for the ten-year mandatory minimum sentence from fifty (50) grams to 285 grams of crack

cocaine. At the time of Gilliam's sentencing, this Court applied the pre-FSA mandatory minimum because the conduct giving rise to the conviction occurred prior to the enactment of the FSA. *See United States v. Carridine*, 621 F.3d 575, 580 (6th Cir. 2010) (holding that pre-FSA penalties apply to conduct committed prior to the FSA's enactment). On June 21, 2012, the Supreme Court held in *Dorsey v. United States* that the FSA's "new, lower mandatory minimums apply to the post-Act sentencing of pre-Act offenders." *Dorsey*, 132 S.Ct. at 2335. Although petitioner committed her crack cocaine offense prior to the enactment of the FSA, she was sentenced after August 3, 2010 (two days afterwards, to be precise). According to the plain language of *Dorsey*, petitioner was not subject to the ten-year mandatory minimum term of imprisonment since her case did not involve the required minimum 285 grams of crack cocaine. Instead, petitioner was subject to a statutory range of 5 to 40 years imprisonment.

The parties disagree as to the guidelines range, as impacted by the FSA, with the United States recognizing that Gilliam's revised range could be as low as 100 to 125 months, if her stipulation that the drug quantity involved was between 150 - 500 grams is disregarded (which it is unwilling to do), or as high as the guidelines range at her initial sentencing (i.e., 140-175 months), if the drug quantity at issue is found to be at least 280 grams. Without acknowledging her drug-quantity stipulation, Gilliam suggests that her range is 100 to 125 months, less a 14.3% further reduction from the lowest point of the range (100 months) for her substantial assistance to the

3

government, which results in a sentence of 85.7 months. Petitioner further surmises that a sentence fixed at 85.7 months likely would result in her immediate placement in the residential drug treatment program, given that she has been incarcerated since May 7, 2009, and an earlier release to a halfway house.

The government argues that a new sentencing hearing is required because the Court must redetermine the applicable advisory guidelines range and that the applicable drug quantity cannot be determined until the parties are afforded an opportunity to present proof on the issue. The United States further argues that, in view of the fact that Gilliam's stipulations dictated the original guidelines range, it had no obligation or incentive at her original sentencing hearing to present any evidence or argument regarding the precise drug quantity attributable to her. Petitioner concedes that a resentencing hearing should be scheduled.

The Court agrees that an evidentiary hearing is required to determine the precise drug quantity for purposes of determining the applicable range and, to this end, will order a full resentencing hearing. The United States Probation Office will be directed to provide to the parties a revised PSR.

For the reasons set forth herein, petitioner's expedited motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255, [Doc. 249], is **GRANTED**. This matter is hereby **SCHEDULED** for a full re-sentencing hearing on August 22, 2013, at 1:30 p.m. The Court anticipates that petitioner will participate in the hearing via videoconferencing from her federal prison, subject to those

arrangements being finalized with the Bureau of Prisons.

**IT IS SO ORDERED.**

**ENTER:**

_____
LEON JORDAN
UNITED STATES DISTRICT JUDGE